# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# at LEXINGTON

Civil Action No. 16-100-HRW

DREMA FAYE MULLINS RATLIFF,                    PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on alleging disability beginning on January 1, 2007, due to chronic migraines, degenerative disc disease, worn cartilage in her knee, a thyroid condition as well as numbness and tingling in her hands and feet (Tr. 145). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Sheila Lowther (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 35 years at the time of the alleged onset of disability. She has completed two years of college and has prior work experience as a dental assustant and childcare provider (Tr. 145-146).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability through her date last insured of December 31, 2011 (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic migraines, degenerative disc disease of the lumbar spine, hypothyroidism and degenerative joint disease of the right knee, which he found to be "severe" within the meaning of the Regulations (Tr. 14-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-16).

The ALJ further concluded that Plaintiff could perform her past work, finding Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff makes one argument in support of her appeal. She contends that the ALJ did not properly evaluate her migraine headaches in terms of frequency and severity.

3

A review of the ALJ's decision reveals that she did, in fact, consider Plaintiff's migraine headaches and the evidence in the record pertaining to them.

Bearing in mind that the relevant period in this case is from January 1, 2007, the alleged date of onset, and December 31, 2011, the date last insured, the medical evidence did not corroborate Plaintiff's claims about the severity or frequency of these migraines. There is no mention of this condition until until October 26, 2009, nearly three years after her alleged onset date, that Plaintiff saw her primary care doctor for complaints of worsening headaches. At that visit, Dr. Lyons restarted Plaintiff's headache medication and advised her to return for follow-up in one month (Tr. 376). Two days later, Plaintiff went to the emergency room because the medications prescribed by Dr. Lyons had not helped (Tr. 247). Plaintiff received pain medications at the emergency room and her headache improved (Tr. 248-49). Plaintiff's discharge instructions advised her to follow up with Dr. Lyon as needed (Tr. 250). There is no further mention of headache complaints2 until 16 months later, when she saw Dr. Lyon in February 2011, for rib and leg pain caused by a snowmobile accident. Plaintiff mentioned she had daily headaches, but did not say they were debilitating or that they limited her in any way. Dr. Lyon adjusted the dosage of her headache medication (Tr. 251). Plaintiff saw Dr. Menke in the summer of 2011, for back pain, and although her past medical history was positive for migraines, she did not report any current problems with headaches (Tr. 232, 233). Plaintiff did actually seek any further treatment for her headaches until January 2013, over a year after the relevant period (Tr. 337).

The record does not establish migraine headaches with such severity or frequency as to render one disabled. While it is true that Plaintiff need not visit a doctor each and every time she

4

suffers from a migraine, the medical evidence from the relevant time period shows that she sought medical help for other ailments, with no complaint if debilitating migraines. The ALJ's conclusion that the medical evidence did not corroborate her claims of debilitating headaches during the relevant time was amply supported by substantial evidence. *See McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1003 (6th Cir. 1988) ("[c]laimant did not introduce objective medical evidence to support the existence or severity of the alleged migraine headaches," but relied solely upon her own incredible testimony to establish a disabling level of headache pain).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 5th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge